# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE RODRIGUEZ,<br><br>    Plaintiffs,<br><br>  vs.<br><br>COUNTY OF TULARE, MONICA MEZA, and DAVID CRAWFORD,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 09-940 LJO SMS<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** (Doc. 14) |

## INTRODUCTION

Defendants County of Tulare ("County"), Monica Meza ("Ms. Meza") and David Crawford ("Mr. Crawford") (collectively "Defendants") move to dismiss plaintiff Genevieve Rodriguez's ("Ms. Rodriguez's") complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that Ms. Rodriguez's claims, which assert employment harassment and disability discrimination, are time-barred. Ms. Rodriguez points out that her claims, pursuant to Title VII of the Civil Rights Act and 42 U.S.C. 1983 ("Section 1983"), and the California Fair Employment and Housing Act ("FEHA"), are not subject to the 90-day statute of limitations with action filed with the Equal Employment Opportunity Commission ("EEOC"). For the following reasons, this Court DENIES Defendants' motion to dismiss.

## BACKGROUND[1]

Ms. Rodriguez has been an employee of County since 1976. In October 2007, Ms. Rodriguez was employed in a clerical position at County's Health and Human Services Agency ("HHS"). During that time, Ms. Rodriguez suffered from disabling lower back pain that was interfering with her ability to function normally at work. Because of her condition, it was difficult for Ms. Rodriguez to sit for long periods of time.

---

[1] In this Fed. R. Civ. P. 12(b)(6) motion, the Court relies on the complaint for the facts. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Ms. Rodriguez asked her supervisor, Ms. Meza, for accommodations at work. The accommodations request included modifying Ms. Rodriguez's work schedule, providing Ms. Rodriguez with reasonably available devices that would assist her, and medical leave to allow Ms. Rodriguez time to obtain treatment for, and to recover from, her ongoing condition. Ms. Rodriguez's request for accommodations was denied.

Subsequent to Ms. Rodriguez's accommodations request, Ms. Meza and Mr. Crawford, who was Director of HHS, identified Ms. Rodriguez as an undesirable employee because of her disability and her accommodations request. Defendants subjected Ms. Rodriguez to harassment by interfering with her efforts to obtain accommodations for her disability, suspending her employment benefits while she was on leave to obtain medical treatment, and casting aspersions on Ms. Rodriguez's ability and willingness to perform her employment.

As a result of Defendants' repeated and incessant harassment, Ms. Rodriguez was forced to resign from County and seek disability retirement. Ms. Rodriguez filed a complaint with the California Department of Fair Employment and Housing ("DFEH") to allege employment harassment on the basis of physical disability. On June 11, 2008, DFEH issued a "right to sue" letter pursuant to California Government Code section 12965.

Ms. Rodriguez filed her complaint against Defendants on May 26, 2009. Ms. Rodriguez asserts three causes of action against Defendants:

1. Deprivation of Civil Rights under Title VII of the Civil Rights Act (42 U.S.C. §2000e) and Section 1983;
2. Discrimination of Employment on Basis of Disability in violation of FEHA; and
3. Harassment and Retaliation in violation of FEHA.

On November 16, 2009, Defendants moved to dismiss Ms. Rodriguez's claims. Ms. Rodriguez opposed the motion on December 8, 2009. Defendants failed to reply. This Court finds this motion suitable for a decision without a hearing, vacates the December 22, 2009 hearing pursuant Local Rule 230(g), and issues the following order.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

**DISCUSSION**

Defendants contend that Plaintiffs' claims are barred by a 90-day statute of limitations. Defendants claim that although Ms. Rodriguez alleges that she received a "right to sue" letter from DFEH, "she failed to state that the case with the DFEH was closed and pursued by the EEOC." Def. Memo., 4. Defendants contend that pursuant to 14 U.S.C. §626(e), Ms. Rodriguez had 90 days in which to file this action after the EEOC's right to sue letter was issued on January 21, 2009. Because this action was filed more than one month past this 90-day period, Defendants conclude that Ms. Rodriguez's claims are time-barred. Defendants' motion fails on both factual and legal grounds.

Defendants' motion relies on unsupported facts not alleged in Ms. Rodriguez's complaint. As set forth above, in a Fed. R. Civ. P. 12(b)(6) motion, this Court accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD,* 546 F.3d at 588. This Court cannot consider allegations outside of the complaint in this motion. *C.f., Save Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) (In resolving a factual attack on jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment). Moreover, Defendants' allegations are unsupported. Defendants fail to submit evidence to substantiate their claim that this action was pursued by the EEOC

3

1 and that the EEOC issued its "right to sue" letter on January 21, 2009. Without this evidence, Defendants failed to establish that the statute of limitations began to run January 21, 2009.[2] Because Defendants' argument is based on unsubstantiated facts outside of the complaint, their Fed. R. Civ. P. 12(b)(6) motion is denied.

Moreover, the statute of limitations cited by Defendants is incorrect. Defendants contend that the "law setting the statute of limitations for filing suit pursuant to a right to sue letter Rodriguez received from the EEOC is clear pursuant to 14 U.S.C. 626(e) [sic]." Def. Memo., 4. The statute cited–14 U.S.C. §626–does not exist. Even if the statute did exist, it would be inapplicable, as Title 14 of the United States Code relates to the Coast Guard. Thus, the statute of limitations is far from clear. Because Defendants failed to establish the law upon which they rely, their motion is denied.

Finally, even if Defendants' facts were considered properly and substantiated, and the statute of limitations citation was correct, Defendants' argument is inapposite. An EEOC action, if any, is not a prerequisite to file Section 1983 and/or FEHA claims. *See Patsy v. Board of Regents*, 457 U.S. 496 (1982). As to Ms. Rodriguez's Section 1983 claim, federal courts apply the statute of limitations of the forum state for personal injury claims. *Wilson v. Garcia,* 471 U.S. 261, 269, 105 S. Ct. 1938 (1985); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *Compton v. Ide*, 732 F.2d 1429, 1432 (9th Cir. 1984). Pursuant to Cal. Code of Civ. P. §335.1, the statute of limitations is two years. As to Ms. Rodriguez's FEHA claims, Ms. Rodriguez was required to commence this action withing one year of the issuance of the DFEH right to sue letter. Cal. Gov. Code §12965(b). Based on the correct statutes of limitations, Ms. Rodriguez's claims are timely. This Court agrees with Ms. Rodriguez that Defendants' Fed. R. Civ. P. 12(b)(6) motion is "misinformed as a matter of law." Pl. Memo., 4.

**CONCLUSION**

For the foregoing reasons, this Court DENIES Defendants' motion to dismiss (Doc. 14). The December 22, 2009 hearing on this motion is VACATED. IT IS SO ORDERED.

**Dated:   December 16, 2009**         /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

[2] Accordingly, this Court will not consider sua sponte whether jurisdiction is lacking.