IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE RODRIGUEZ,<br><br>        Plaintiffs,<br><br>    vs.<br><br>COUNTY OF TULARE, MONICA MEZA, and DAVID CRAWFORD,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 09-940 LJO SMS<br><br>**COURT'S RESPONSE AND ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED** |

### BACKGROUND

Plaintiff Genevieve Rodriguez ("Ms. Rodriguez") asserts claims of sexual harassment, disability discrimination, disability harassment and retaliation against defendants County of Tulare ("County"), Monica Meza ("Ms. Meza") and David Crawford ("Mr. Crawford") (collectively "Defendants"). Ms. Rodriguez initiated this action against Defendants on May 21, 2009.

A March 9, 2010 scheduling conference order set discovery deadlines in October 2010. All motions, including dispositive motions, were to be filed with this Court not later than January 18, 2011. None were filed. Pursuant to the March 9, 2010 scheduling conference order, a pretrial conference is scheduled for March 8, 2011 and a jury trial is scheduled to begin on April 25, 2011 in this Court.

Pursuant to Local Rule 281, this Court's standing order, and the March 9, 2010 scheduling conference order, the parties are required to file a joint pretrial statement not less than seven days before the date set by the Court for the holding of the pretrial conference. Moreover, the March 9, 2010

scheduling conference order directed the parties attention to Local Rules 281 and 282 as to the obligations of counsel in preparing for the pretrial conference, and were admonished as follows: **"The Court will insist upon strict compliance with those Rules."** (emphasis in original). Accordingly, the joint pretrial statement was due on or before March 2, 2011. None was filed.

Rather than file a pretrial statement, defendants filed a "Notification to the Court of the Settlement of the Matter" on March 1, 2011. The notice indicates that the parties reached a settlement, but that Ms. Rodriguez's counsel would not sign dismissal papers due to issues with a separate worker's compensation case. In response, this Court issued an Order On Settlement Status, ordering Ms. Rodriguez's counsel to file and serve papers to confirm whether this action had settled.

Ms. Rodriguez's counsel filed a statement on March 2, 2011. In this statement, Ms. Rodriguez's counsel explains that he is not representing Ms. Rodriguez in the separate action, and has no authority from his client to settle this action. Ms. Rodriguez's counsel declares that he has been instructed by Ms. Rodriguez not to settle this action.

Defendants' counsel responded to Ms. Rodriguez's counsel's declaration with a separate declaration. The defense declaration explains that defense counsel has been discussing settlement with separate counsel who is representing Ms. Rodriguez in the worker's compensation action. Defense counsel submits a "global" settlement agreement, unsigned, which defense counsel declares should resolve both cases. Defendants request this Court to vacate or continue the trial dates to allow the parties to work out the settlement agreement.

### DISCUSSION AND ORDER

Having considered the documents and declarations submitted to this Court, this Court finds that this action is not settled. Defendants have failed to demonstrate a settlement agreement between the parties in this action. No settlement agreement has been submitted to this Court; there is no agreement for this Court to enforce.

In addition, the documents submitted by Defendants' counsel have a basic misunderstanding that a stipulation by the parties to vacate or continue the pretrial conference and trial dates establishes good cause to do so. To the contrary, Defendants have stated no good cause to vacate the dates scheduled with this Court. Accordingly, to the extent that defense counsel are requesting this Court to vacate or

2

continue the dates in this Court's scheduling order, that request is DENIED.  **All dates remain on calendar, including the March 9, 2011 pretrial conference and the April 25, 2011 jury trial.**

The joint pretrial statement is now overdue.  The parties are ORDERED TO SHOW CAUSE in writing, **no later than March 4, 2011**, why sanctions should not be imposed for failure to obey the Court's orders and Local Rules by not filing the joint pretrial statement in a timely manner.

IT IS SO ORDERED.

**Dated:   March 3, 2011**                     /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE